UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVERGREEN NATIONAL INDEMNITY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:07-CV-0184-B ECF |
| MARK A HERNDON, Individually and as TRUSTEE OF MARK A. HERNDON TRUST | § § § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Second Motion for Enlargement of Time and for Substituted Service and Brief in Support ("Second Motion") (doc. 9). For the following reasons, the Court **GRANTS** Plaintiff's Second Motion.

In its First Motion for Extension of Time to File Return Service and for Substituted Service, Plaintiff Evergreen National Indemnity Company ("Evergreen")advised the Court that it had unsuccessfully attempted to serve Defendant Mark A. Herndon ("Herndon"), individually and as Trustee of the Mark A. Herndon Trust, by personally serving Herndon at what Plaintiff believes is his residence (doc. 6). Plaintiff stated that it believed Herndon is evading service of process and requested substitute service and an extension of time. In an order dated August 21, 2007, the Court denied the Plaintiff's request for substitute service and granted its request for an extension of time by requiring the plaintiff to file a valid return of service, or show good cause in writing why service

could not be made by September 24, 2007 (doc. 8). The Court stated that it needed additional information to ensure that attaching the Summons, Complaint, and other court papers to the front gate of Herndon's residence is reasonably effective to give Herndon notice of the suit. The Court also requested additional briefing on service by mail.

On September 24, 2007, in response to the Court's Order, Evergreen filed the instant Second Motion. Evergreen provided the process server's affidavit describing his efforts to effect service including honking his horn, leaving a delivery notice on the front gate which was not present when he returned to the residence, and verifying with the postal agent that Herndon receives mail at the residence. The process server also provided the dates and some of the times of his attempted service. *See Coronado v. Norman*, 111 S.W. 3d 838, 842 (Tex. App. – Eastland 2003, pet. denied) ("[T]he cases suggest that specific dates and times of attempted service are important to establish facts to uphold default judgment. . . .") Evergreen also provided the Court with a photograph of the residence. In addition, the affidavit of the private investigator stated that Herndon receives his water bill at the residence and that an investigation of the white Mercedes parked at the residence revealed that it is registered to a trust in Herndon's name. As for attempts at service by mail, the Summons, Complaint, and other legal papers were mailed to Herndon by certified mail return receipt requested, but no proof of delivery has been returned.

Under Rule 4(e)(1), an individual may be served "pursuant to the law of the state in which the district court is located, or in which service is effected[.]" FED. R. CIV. P. 4(e)(1). Pursuant to Texas Rule of Civil Procedure 106(b)(2), the Court may, in appropriate circumstances, authorize substitute service "reasonably effective to give the defendant notice of suit" if "service has been attempted under either (a)(1) or (a)(2)." Evergreen has attempted service under (a)(1) which

requires "delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto." The Court has considered Evergreen's Second Motion and Affidavits and is satisfied that Evergreen's proposed method of substitute service is reasonably effective to give the defendant notice of suit. Accordingly the Court **ORDERS** that service on Herndon may be effected by the following method: **securely affixing the Summons, Complaint, and other court papers to the front gate of the residence located at 4606 Eastside Avenue Dallas, Texas 75226, immediately to the right of the mailbox.** If Evergreen effects service in this manner, the return of service should provide details showing that the process server complied with these instructions. *See Vespa v. Nat'l Health Ins. Co.*, 98 S.W. 3d 749, 752 (Tex. App. – Fort Worth 2003, no pet.). It is further **ORDERED** that the foregoing substitute service method shall not be considered exclusive and that service of a copy of the Summons and Complaint may be effected by other means authorized by Fed. R. Civ. P. 4, or by Tex. R. Civ. P. Rule 106, including by personal delivery on Defendant, by leaving a copy of the Summons and Complaint with a person over 16 years of age at the Defendant's residence.

For the foregoing reasons, the Court **GRANTS** Evergreen's motion for substitute service and **GRANTS** the request for an extension of time as follows: by **October 26, 2007**, Plaintiff must file a valid returns of service, or show good cause **in writing** why service cannot be made, or *this case may be dismissed without further notice* pursuant to Rule 4(m), Fec. R. Civ. P.

SO ORDERED.

SIGNED September __28th__ , 2007

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**