UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVERGREEN NATIONAL INDEMNITY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:07-CV-0184-B ECF |
| MARK A HERNDON, Individually and as TRUSTEE OF MARK A. HERNDON TRUST | § § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Application for Default Judgment by Clerk (doc. 15) filed January 8, 2008. After due consideration and review of the record and all evidence presented, the Court finds that this motion should be **GRANTED.**

### I. BACKGROUND

On July 15, 2003, Defendant Mark A. Herndon, Individually and as Trustee of the Mark A. Herndon Trust ("Herndon" or "Indemnitors") executed a General Indemnity Agreement in favor of Plaintiff Evergreen National Indemnity Company ("Evergreen" or "Surety"). (Compl. 2). Under this agreement, the Indemnitors jointly and severally agreed to:

> exonerate, save harmless, indemnify, and keep indemnified the Surety from and against ANY AND ALL LOSS WHATSOEVER, including but not limited to all demands, claims, liabilities, damages, costs, charges, fees, expenses, suits, orders, judgments, adjudications, and any other Losses of whatever nature or kind, which the Surety pays or incurs or for which the Surety becomes liable or has reason to believe it is, may be, or may become liable (whether or not the Surety shall have paid out any sums on account of such Losses), for any reason whatsoever, including but not limited

to: 1)The completion or fulfillment by the Surety of any obligations imposed on the Principal by any Bond or bonded contract; 2) The Surety's refusal to Issue any Bond, or the Surety's cancellation of any Bond pursuant to V.A.1. below; 3) The procurement of or attempt to procure a discharge or release from any Bond or from any liability arising to the Surety therefrom; 4) Loans, or guarantees of loans, or other extensions of credit, made by the Surety to or for the benefit of any Indemnitor; 5) Deposits paid by the Surety to any court, government agency, or person to obtain the Surety's discharge or release from any liability; 6) Enforcement of any part of this Agreement by the Surety against the Indemnitors; 7) The prosecution of any powers, rights, remedies, or defenses of the Indemnitors by the Surety as subrogee; 8) Fees, expense, charges or costs associated with the Indemnitors' compliance with this Agreement or with demands made by the Surety pursuant to C below; 9)Interest on sums paid by the Surety for any of the above; and (10) Fees, expenses, charges and costs of personnel utilized by the Surety in connection with any of the above, whether on salary or retainer or otherwise, including attorneys, investigators, adjustors, accountants, engineers, consultants or any other experts or specialists deemed necessary by the Surety, and any travel, lodging and meal expense attendant thereto.

(Ex. A). After this agreement was executed, the Principal entered into three public works construction contracts with municipalities in North Texas. (Compl. 3). As requested by the Indemnitors, Principal and Surety executed bonds in these public works projects. (*Id.*). Following the execution of these contracts and bonds, the Surety received claims under these bonds. (*Id.* at 4). Evergreen claims that as a result of Principal's defaults of its contractual obligations on these projects, it has incurred and paid losses and expenses under these bonds in the amount of $284,205.67. (*Id.*). Indemnitors have refused to indemnify Evergreen as provided in the Indemnity Agreement. (*Id.* at 5).

On January 29, 2007, Evergreen filed this lawsuit against Herndon claiming Indemnity/Reimbursement, Attorney's Fees, Interest, and Costs. On June 28, 2007, this Court ordered Evergreen to show cause why it had not filed a valid return of service. (doc. 5). On July 17, 2007, Evergreen filed a motion explaining that Herndon was evading service and moving for an extension of time to serve Herndon and for substituted service. (doc. 6 ). The Court granted the

motion for an extension of time to serve Herndon and denied without prejudice the motion for substituted service. (doc. 8). On September 24, 2007, Evergreen filed a second motion for extension of time to serve Herndon and for substituted service. (doc. 9). On September 28, the Court concluded that Evergreen's proposed method of substituted service was reasonably effective to give Herndon notice of the suit and granted the motion for extension of time and substituted service. (doc. 10). The Court stated that substituted service could be effected by "securely affixing the Summons, Complaint, and other court papers to the front gate of the residence located at 4606 Eastside Avenue Dallas, Texas 75226, immediately to the right of the mailbox." On October 25, 2007, Evergreen filed returns of service as to Mark A. Herndon and Trustee of Mark A. Herndon stating that service had been effected using the substituted service method approved by the Court. (docs. 11, 12). On November 29, the Court issued a show cause order to show why Evergreen had not moved for default against Herndon. (doc. 13). On January 8, 2008, Evergreen filed (1) Request to Enter Default (doc. 14); (2) Application for Default Judgment by Clerk (doc. 15); and (3) Plaintiff's Response to Show Cause Order (doc. 16). On January 9, the Clerk entered default against Herndon. (doc. 17). The Court will treat the Application for Entry of Default Judgment by Clerk (doc. 15) as a motion for default judgment by the Court pursuant to Federal Rule of Civil Procedure 55(b)(1)(2) and will now address the merits of that motion.

## II. ANALYSIS

**A. Actual Damages**

After reviewing the pleadings and evidence submitted by Evergreen, the Court **GRANTS** the Motion for Default. Although a default judgment against a defendant conclusively establishes its liability, it does not establish the amount of damages. *United States v. Shipco Gen., Inc.*, 814 F.2d

1011, 1014 (5th Cir. 1987)(noting that after default the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages). Accordingly, it remains Evergreen's burden to provide an evidentiary basis for the damages it seeks.

In support of its request for damages of $284,205.67, Evergreen has submitted a copy of the indemnity agreement and the declaration of its attorney, Robert M. Fitzgerald ("Fitzgerald"), stating:

> Pursuant to the terms of the [Indemnity] Agreement, Defendants requested that Surety agree to issue public works construction performance and payment bonds with Principal concerning various public work contracts between Principal and certain municipalities in the North Texas area (including the cities of Farmers Branch, Garland, and Wylie) to construct certain public works construction projects. Surety issued said bonds with Principal on the projects. Thereafter, Surety suffered losses and expense as a result of claims and demands asserted under the performance and payment bonds. The total amount of said losses and expenses incurred and paid by Surety, as a result of said claims and demands, is $284, 205.67.

(Fitzgerald's Decl. 2). Accordingly, based on this evidence, Evergreen is entitled to an award of $284,205.67.

**B.   Post-Judgment Interest and Costs**

The federal post-judgment interest rate is governed by 28 U.S.C. § 1961(a), which sets the rate at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment.[1] Therefore, the Court will award post-judgment interest calculated at the date of the entry of judgment.[2]

Evergreen requests $350.00 in costs. The Court will not award a specific amount of costs

---

[1] The post-judgment interest rate may be found at http://www.txnd.uscourts.gov/publications/pjrate.html.

[2] Post-judgment interest shall be compounded annually. 28 U.S.C. § 1961(b).

at this time, but Evergreen may file an appropriate bill of costs after the Court issues its judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Evergreen's Motion for Default Judgment and will issue a Judgment for $284,205.67 plus post-judgment interest by separate order.

**SO ORDERED.**

**SIGNED April 25, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE